## EVANS *a.* WOOD.

*New York Common Pleas ; General Term, Jan.,* 1863.

JURISDICTION OF NEW YORK DISTRICT COURTS.—RESIDENCE OF PARTIES.—JUDGMENT AGAINST EVIDENCE.

Section 4 of the District Court Act (*Laws of* 1857, 708, ch. 344),—which provides that actions shall be brought in a district in which one of the plaintiffs or one of the defendants resides, unless all the plaintiffs or all the defendants reside out of the city of New York,—gives jurisdiction to the District Courts of cases in which both plaintiffs and defendants are non-residents.

A tailor agreed to make clothing of material selected by his customer, but made it of a cheaper and stouter material.   *Held,* that this departure from the contract justified the customer in refusing to accept the garments ; and that a judgment against the latter, for the price, was against evidence.   (*Per* HILTON, J.)

Appeal from a judgment of a District Court of the city of New York.

This action was brought by Edward Evans against S. M. Wood, to recover $32, the price of certain clothing made by defendant for the plaintiff.

Both parties were non-residents of the State.    The plaintiff had judgment, and defendant appealed.

*Samuel C. Reed,* for the appellant.—I. On the objection be-

fore trial, that the court had no jurisdiction, both parties being non-residents of the State, the action should have been dismissed. (Snyder *a.* Goodrich, 2 *E. D. Smith*, 84.)

II. The judgment is against evidence. The contract was conditional, and any change of the material ordered, or want of skilful workmanship, justified the defendant in refusing to accept the clothes. (Moody *a.* Brown, 34 *Maine*, 107; Howard *a.* Hoey, 23 *Wend.*, 351; Gallagher *a.* Waring, 9 *Ib.*, 20; 1 *Smedes & Marsh*, 383; Street *a.* Blay, 2 *B. & Ad.*, 456; Jones *a.* Bright, 5 *Bing.*, 533, 546.)

*Culver Patterson*, for the respondent.

By THE COURT.—HILTON, J.—This action was one arising on contract, and for the recovery of $32. The cause of action was, therefore, clearly within the jurisdiction of the District Court, as defined by section 3 of the District Court Act of 1857. (1 *Laws of* 1857, 707, ch. 344.) But it is contended that under section 4, of the same act, these courts are deprived of jurisdiction in all cases where neither of the parties reside within the district wherein the action is brought, provided the fact of such non-residence appears in evidence on the trial, and the objection to the jurisdiction be then taken. (§ 45.)

To this view I do not agree. The cases in which these courts have jurisdiction being enumerated by section 3, the district in which the action must be brought is there pointed out by section 4, in the following terms: "An action of which these courts have jurisdiction must be brought in a court held in the district in which either the plaintiff or defendant, or one of the plaintiffs or one of the defendants resides, unless all the plaintiffs or all the defendants reside out of the city of New York, in which case the action may be brought in either of the said districts;" thus, in effect, declaring that the action must be brought within the district where one of the parties resides; but where neither resides within the city of New York, as was the case here, then the action may be brought within either district.

I think, therefore, the justice was right in holding that he had jurisdiction. But I do not agree that the evidence warranted a judgment in favor of the plaintiff.

The claim was to recover the value of a coat and pantaloons,

made for and delivered to the defendant, but returned by him as unsatisfactory. The evidence showed, conclusively, that the garments were not made of the cloth selected and ordered by the defendant, but, on the contrary, a stouter and cheaper material was substituted. This justified the defendant in his refusal to accept them, and the justice should have so held.

Judgment reversed.

DALY, F. J.—There is a very material distinction between the language of the section under consideration, and that of the 103d section of the Act of 1813. The Act of 1813 declares that the action shall be brought either in the ward where the plaintiff or plaintiffs or the defendant or defendants reside, unless there be several plaintiffs, not all residing in the same ward, when it may be brought in the ward where the defendants, or one of them, reside. It is very clear, from the language here used, that the case which the statute contemplates is that of plaintiffs residing in different wards of the city, and that no intention is indicated to give jurisdiction, under this section, in cases where both plaintiffs and defendants reside out of the city. Under the 4th section of the Act of 1857, on the contrary, that intention is indicated, in my judgment, as clearly as language can express it.

BRADY, J.—The parties to this action are not residents of the city of New York. The defendant at the trial on this fact objected to the jurisdiction of the justice, but the objection was overruled. The fourth section of the act relating to justices' courts, passed in 1857, provides, substantially, that the action must be brought in the district in which either the plaintiff or the defendant resides, or if there be a plurality of defendants or plaintiffs, in which one of them resides. The phraseology of the section referred to is similar to the 103d section of the Revised Laws (2 *Rev. Laws*, 379), and we held, under that section, that the justices' courts had no jurisdiction where neither plaintiff nor defendant resided within the district of the justice before whom the action was commenced. The Act of 1857 contemplates a residence of one of the parties within the district in which the suit was commenced. It does not, in terms, confer jurisdiction where the parties all reside out of the district, and

the rule is well settled that justices' courts, being courts of limited jurisdiction, take nothing by implication.

The judgment should be reversed.

Judgment reversed.